UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| MICHAEL SARRELL, *et al.*, ) | |
| ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| ) | |
| v. ) | 1:17-cv-56-TRM-SKL |
| ) | |
| ) | |
| WAUPACA FOUNDRY, INC., *et al.*, ) | |
| ) | |
| ) | |
| Defendants. ) | |

## **ORDER**

Before the Court is a motion filed by Plaintiff Michael Sarrell ("Plaintiff") seeking leave to file a second amended complaint [Doc. 34]. Plaintiff brings this matter as a collective action under the Fair Labor Standards Act ("FLSA") to recover allegedly unpaid overtime compensation for himself, individually, and on behalf of similarly situated former and current employees of the named Defendants. Plaintiff states that he seeks to file a second amended complaint to clarify certain facts. The only Defendant served with process at this time, Waupaca Foundry, Inc. ("Waupaca" or "Defendant"), has filed a response (and an identical revised

response) in opposition to the motion to amend [Docs. 49 & 55]. Using an incorrect docket entry event [Doc. 68], Plaintiff filed an untimely reply [Docs. 67 & 69].[1] This matter is now ripe.

I.  STANDARD

Federal Rule of Civil Procedure 15(a) provides that after a party has amended once as a matter of course, as here, he may only amend with the opposing party's consent or with leave of court, and the "court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). "A request under Rule 15(a) is subject to the requirements of Fed. R. Civ. P. 7(b), which states a motion 'shall state with particularity the grounds for seeking the order.'" *Travelers Cas. & Sur., Co. of Am. v. Pascarella*, No. 1:10-CV-0157, 2011 WL 3468729, at *3 (E.D. Tenn. Aug. 8, 2011) (alterations and citations omitted). Rule 15 is designed to "reinforce the principle that cases 'should be tried on their merits rather than the technicalities of pleadings.'" *Inge v. Rock Fin. Corp.*, 388 F.3d 930, 934 (6th Cir. 2004) (noting, *inter alia*, the significance of the closure of discovery on the denial of leave to amend and the plaintiff's failure to discuss delay, prejudice, or futility) (internal citation and quotations omitted).

---

[1] Defendant's response was filed July 14, 2017, making any reply due July 21, but the reply was filed July 24. *See* E.D. Tenn. L. R. 7.1(a), (c). Defendant's revised response appears to have been filed on July 17 in order to correct a deficiency noted by the Clerk concerning the filing of documents that are not "flattened" [Doc. 51]. Plaintiff may have been confused by the filing date of the revised response or Plaintiff may have been operating under the mistaken belief that he could add three days for service in calculating the time to respond. As noted in the comments to the recent amendment to Federal Rule of Civil Procedure 6 effective December 1, 2016, however, "Rule 6(d) is amended to remove service by electronic means under Rule 5(b)(2)(E) from the modes of service that allow 3 added days to act after being served." As the parties are represented by counsel, the additional three-day period described in Rule 6(d) is not applicable under the revised rule. In any event, the Court will consider Plaintiff's reply given that it was filed within seven days of the filing date of the revised response. Counsel are directed to review the local rules and to seek training from the Clerk's office regarding the correct filing of documents, if necessary, to avoid future filing errors.

"In deciding whether to grant a motion to amend, courts should consider undue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment." *Brumbalough v. Camelot Care Ctrs.*, 427 F.3d 996, 1001 (6th Cir. 2005) (citations omitted); *accord Colvin v. Caruso*, 605 F.3d 282, 294 (6th Cir. 2010). Although leave to amend is ordinarily freely given under Fed. R. Civ. P. 15, an amendment may be denied as futile if the claim sought to be added "could not withstand a Rule 12(b)(6) motion to dismiss." *See Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th Cir. 2000).[2] A court is prohibited from looking to facts outside the proposed amended pleading when determining whether the amendment is futile. *See id.* at 420-421.

## II.    ANALYSIS

Defendant has filed a motion to dismiss the original complaint, and a renewed motion to dismiss the first amended complaint [Docs. 15 & 28]. Defendant opposes Plaintiff's motion to amend arguing that "doing so would be futile and the new proposed new pleading is littered with false 'facts.'" [Doc. 55, at Page ID # 435]. Specifically, Defendant makes overlapping arguments (A) that Plaintiff failed to state with particularity the reasons why leave is appropriate under *See* Fed. R. Civ. P. 7(b); and (B) that justice does not require the Court to allow another amendment because: (1) Plaintiff's delay is "undue and inexcusable" due to (a) his failure and

---

[2] To survive a motion to dismiss under Rule 12(b)(6), a plaintiff must plead facts that, if true, state a claim to relief that is plausible on its face. *Bell Atlantic v. Twombly*, 550 U.S. 544, 569 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Flanory v. Bonn*, 604 F.3d 249, 252-53 (6th Cir. 2010). A court must determine not whether the claimant will ultimately prevail, but whether the claimant is entitled to offer evidence to support the claim. *See Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). While the court must construe the complaint in the light most favorable to the claimant and accept as true all well-pleaded factual allegations, legal conclusions and unwarranted factual inferences need not be accepted as true. *See Mixon v. Ohio*, 193 F.3d 389, 400 (6th Cir. 1999).

3

inability to cure defects, (b) his bad faith in asserting "disingenuous" allegations, (c) the alleged prejudice to Defendant, and (d) the interests of judicial economy; and (2) that the proposed amendment is futile and filed in bad faith because the proposed amendment is spurious [Doc. 55].

### A. Rule 7

As noted above, Rule 7(b) requires a motion to state the grounds upon which it is made with particularity. *See also* E.D. Tenn. L.R. 7.1(b) (briefs must include "a concise statement of the factual and legal grounds which justify the ruling sought from the Court."). Defendant cites to *Evans v. Pearson Enterprises, Inc.*, 434 F.3d 839, 853 (6th Cir. 2006), a case where, in response to the defendants' motions to dismiss and for summary judgment, plaintiff "requested leave to amend in a single sentence without providing grounds or a proposed amended complaint to support her request." In agreeing with several other circuits, the Sixth Circuit Court of Appeals held that a bare request in opposition to a motion to dismiss—without any indication of the particular grounds on which amendment is sought—does not constitute a motion within the contemplation of Rules 7(b) and 15(a). *Id*.

Unlike in *Evans*, Plaintiff here has explained with particularity how he would amend his complaint in his proposed second amended complaint [Doc. 34-1], which was filed with the motion to amend as required by the Court's local rules. E.D. Tenn. L.R. 15.1 ("A party who moves to amend a pleading shall attach a copy of the proposed amended pleading to the motion."). Plaintiff also indicates that his grounds for seeking leave are to "clarify certain facts after further investigation, including more specifics about Defendants' policies and/or practices that render the work performed off-the-clock by Plaintiffs and others similarly situated compensable in this putative [FLSA] lawsuit." [Doc. 34, at Page ID # 322].

4

The Court finds that Plaintiff has adequately complied with the requirements of Rule 7(b) and that Defendant's arguments to the contrary are unpersuasive.

### B. Justice, Undue Delay, and Prejudice

Defendant alleges undue delay and prejudice because Plaintiff attempted to cure his original "defective" complaint once as a matter of right and failed to do so. Defendant argues that Plaintiff should not be allowed yet another opportunity to file an amended complaint, which Defendant contends will also fail as a matter of law.

The Court finds it unnecessary to engage in an extensive discussion of Rule 15, the established law, or the clearly distinguishable cases concerning prejudicial delay offered by Defendant in support of its position. Suffice it to say "[d]elay alone, regardless of its length is not enough to bar [amendment] if the other party is not prejudiced." *Duggins v. Steak 'N Shake, Inc.*, 195 F.3d 828, 834 (6th Cir. 1999) (quoting *Moore v. City of Paducah*, 790 F.2d 557, 562 (6th Cir. 1986)) (internal quotation marks omitted) (alternation in original). "At some point, however, delay will become undue, placing an unwarranted burden on the court, or will become prejudicial, placing an unfair burden on the opposing party." *Morse v. McWhorter*, 290 F.3d 795, 800 (6th Cir. 2002) (quoting *Adams v. Gould*, 739 F.2d 858, 863 (3d Cir. 1984)) (internal quotation marks omitted). For example, courts typically find undue delay in cases that are post-judgment, *Morse*, 290 F.3d at 800, and in cases where discovery has closed and dispositive motions deadlines have passed, *Duggins*, 195 F.3d at 834.

In this case, all Defendants have not yet been served. As a result, the case management conference was delayed at the joint request of the parties [Doc. 63]. As a conference has not yet been held, a deadline for filing proposed amendments has not been set in a scheduling order. *See* Fed. R. Civ. P. 16(c)(2)(B) ("At any pretrial conference, the court may consider and take

appropriate action on . . . amending the pleadings if necessary or desirable; . . ."). While a discovery plan was recently submitted [Doc. 62], it appears no discovery has begun.

While the embryonic stage of this case is not tantamount to a right to amend under Rule 15 as Plaintiff's argument seems to suggest, the Court does not find any significant showing of undue delay or prejudice. Specifically as to Defendant's claims of prejudice, the Court finds that Defendant's prior filing of two similar motions to dismiss—and its potential future filing of yet another motion to dismiss to address the second amended complaint if allowed—is insufficient prejudice to support denial of the proposed amendment. Defendant's claims concerning frustration of judicial economy by Plaintiff also do not warrant denial.

### C. Justice, Futility, and Bad Faith

Defendant also opposes Plaintiff's motion to amend on the grounds of futility and bad faith in asserting allegedly false allegations in the proposed second amended complaint. Defendant argues that Plaintiff's proposed second amended complaint is implausible, and that Plaintiff is attempting to add false statements in an attempt to defeat the pending motion to dismiss the first amended complaint, which allegedly only serves to undermine the validity of the proposed second amended complaint.

To demonstrate Plaintiff's alleged bad faith and fabrication of certain facts in paragraphs 12 and 13 of the proposed second amended complaint about Plaintiff's work environment/job duties and Defendant's pay practices/laundry program, Defendant has submitted the declarations of Larry Chandler, Samuel McClure, and Mark Muszynski [Docs. 55-1, 55-2 & 55-3]. Defendant asserts the proposed amendment "disingenuously suggests that all employees in all departments don and doff the same personal protective equipment" and that Plaintiff knows this is untrue [Doc. 55, at Page ID # 442]. Defendant accuses Plaintiff of "fabricat[ing] certain facts in

6

an attempt to plead around his case's fatal flaws" and exclaims that "the notion that Waupaca does not compensate Plaintiff's walking time and stretching time is pure sophistry." [Id.].

While acknowledging that the Court must accept Plaintiff's allegations as true, the Defendant argues—without supporting authority—that in applying Rule 15 to the pending motion, the Court should compare the proposed new unsupported allegations of fact "with Waupaca's evidence to assess whether the Plaintiff seeks an amendment in good faith." [Id.]. Defendant makes a passing reference to its pending motion to dismiss as more fully stating the reasons why Plaintiff's claims fail as a matter of law and, in a footnote, Defendant asserts the grounds for dismissal previously asserted with respect to the first amended complaint apply with equal force to the proposed second amended complaint [id. at Page ID # 445]. Such references, however, do not adequately address whether the allegedly false allegations of fact, *if* accepted as true, are insufficient to state a claim for relief that is plausible on its face.

Defendant's main argument is that Plaintiff cannot avoid dismissal by submitting demonstrably "false statements" to the Court [Doc. 55, at Page ID # 445-46]. As noted above, however, when analyzing the futility of a proposed amendment, matters outside the pleadings may not be considered. *See Rose*, 203 F.3d at 420; Fed. R. Civ. P. 12(d). Defendant's bad faith and futility arguments would require the Court to look outside the pleadings and consider the declarations submitted by Defendant. Defendant has not cited to any case law, rule, or other authority that would support its argument that claims of factually inaccurate allegations (which the Court makes no finding of here) are grounds to deny a motion to amend. In considering the motion to amend, the Court cannot, and does not, conduct an inquiry into the veracity of the proposed allegations.

The Court makes no determination as to whether false allegations or accusations have been made in the proposed second amended complaint or associated briefing. There are proper avenues of redress for any such conduct. The Court, however, strongly encourages and expects the parties and counsel to focus on the merits of this case while meeting all applicable standards of ethics, professionalism, and civility.

### III. CONCLUSION

Accordingly, Plaintiff's motion for leave to file a second amended complaint [Doc. 34] is **GRANTED** and Plaintiff is **ORDERED** to file his second amended complaint **within 7 days** of this Order.

SO ORDERED.

ENTER:

s/ *Susan K. Lee*
SUSAN K. LEE
UNITED STATES MAGISTRATE JUDGE